Tueley, J.
delivered the opinion of the court.
This is an action of ejectment, from the Circuit Court of Warren county, in which the lessors of the plaintiff *520 derain title, through a deed of trust, executed by Bennet Soloman to Richard McGregor trustee, on the 18th day of August, 1840, conveying the premises in dispute in trust for the payment of certain debts therein specified, and a deed of bargain and sale executed to them on the 6th day of January, 1843, by the trustee, Richmond McGregor, made in pursuance of the deed of trust, and it was admitted on the trial, that Bennet Soloman, at the date of the deed of trust to Richmond McGregor, had title to the land in dispute, and that the defendant Hopkins was in possession at the commencement of the suit.
The defendant read in evidence a bond executed by said Bennet Soloman to Newton C. Goodlow, bearing date the 9th day of September, 1840, by which he, Soloman, for a good and valuable consideration, bound himself to convey the same premises, conveyed in the deed of trust, by a good and sufficient title to the said Goodlow, on or before the 25th day of December, 1842. And also a transfer of said bond by Goodlow to him bearing date on the 6th day of February, 1841. He also introduced proof tending to show that the deed of trust executed by Soloman to McGregor was fraudulent, being made for the purpose of hindering and delaying his, Soloman’s creditors.
The circuit judge charged the jury that if they should believe, from the evidence, that the defendant Hopkins was a subsequent purchaser, and should further believe that the deed from Soloman to McGregor was made for the purpose of hindering and delaying creditors in the collection of their debts, that then the deed would be void as to the defendant.
There was a verdict and judgment for the plaintiff in ejectment, and an appeal to this court, and it is now argued that the defendant is a subsequent purchaser, that *521 the deed of trust was made to defraud creditors, and that it is, therefore, void as against the defendant, and no evidence of tftle in the lessors of the' plaintiff.
We do not consider it necessary to enter into an investigation of the proof in the record for the purpose of ’ascertaining whether the deed of trust, executed by Soloman to McGregor, was made to defraud creditors or not, as we are well satisfied that the defendant Hopkins does not occupy such a position in relation to this controversy as to question the validity of • the deed.
The second section of the act of 1801, chap. 25, provides, “that every gift, grant, conveyance of land, tenements, hereditaments, goods, or chattels, or of any rent, common, or profit out of the same by writing or otherwise, and every bond, suit, judgment, or execution, had or made and contrived of malice, fraud, covin, collusion, or guile, to the intent or purpose, to delay, hinder, or defraud creditors of their just and lawful actions, suits, debts, accounts, damages, penalties or forfeitures, or to defraud or deceive those who shall purchase the same lands, tenements or hereditaments, or any rent, profit, or commodity out of the same, shall be henceforth deemed and taken only as against the person or persons, his, her, or their heirs, successors, administrators, or assigns, and every of them upon debts, suits, demands, estates, interests, by such guileful and covinous devices and practices as aforesaid, to be utterly void, every pretence, color, feigned consideration, expressing of use or any other matter or thing to the contrary, notwithstanding.”
Now this statute expressly provides, that such conveyances shall be utterly void only as against the person or persons injured by them, that is, only as against a creditor or subsequent purchaser; as to all other persons *522 they are good and valid conveyances, and so it has always been held under this statute, as well as under 13th Elizabeth, which contains the same provisions. Then the question always presented, whenever an attempt is made to avoid a deed or other conveyance under the statute is, whether the party claiming to be protected by it, occupies the relation of a creditor or subsequent purchaser of the vendor. Who is a creditor ? Who is a subsequent purchaser? No man can be recognized as a creditor until he has established his right to claim in that character by a judgment at law, or a decree in Chancery; Chester vs. Greer, 5 Hum., 26, 35; Williams vs. Tipton, 5 Humphrey’s Rep., 66-7.
No man is a subsequent purchaser except him to whom a deed of bargain and sale, or other conveyance has been executed for a valuable consideration — by which there is conveyed to him an estate in the premises, either of freehold or for years or some rent or profit therein. A contract of sale, a covenant to convey is no such sale as constitutes him a subsequent purchaser. He must have a legal title such as he can enforce at law, and not a mere equity, a contract to convey, which- a court of law looks upon as a personal covenant, for a breach of which damages alone are given.
A covenant to convey will no more constitute one a subsequent purchaser than will the existence of a debt, not rendered certain by a judgment, constitute him a creditor. And this for very satisfactory reasons, for as a man may claim a debt which he may never be able to enforce, so he may have a covenant to convey, and yet never obtain the estate, for he may not resort to a court of chancery for a specific performance, and if he do, it may be refused him. In either case he cannot be injured, whether as a *523 creditor or subsequent purchaser. For iti the supposed cases he would stand in neither relation.
How absurd would it be then to permit a man to invalidate a deed as affecting his rights before he had any rights to be affected by it, and when he might never occupy a position to be affected by it.
Such we think is the position of the defendant. He claims as assignee of a covenant to convey, executed by Soloman after the execution of the deed, which conveyed the estate in trust to McGregor. The legal title was in McGregor. The defendant at most has nothing but an equity, viz, a right to have his covenant specifically executed by a court of chancery, all things permitting. This specific execution he may never have, and if he does not, the conveyance to McGregor has not injured him. His remedy at law upon his bond is as unembarrassed as if this deed had never been made, and this remedy is all that can be regarded by a court of law.
We, therefore, think that the verdict and judgment of the Circuit Court are, in all things, correct, and affirm them.